Lance A. Adair, SBN 120449
Mark J. Butler, SBN 207909
**ADAIR & BUTLER LLP**
100 Pacifica, Suite 130
Irvine, California 92618
Telephone (949) 442-0123
Fax: (949) 442-7610
Email: ladair@adair-butler.com

Attorneys for Creditors
DAVID and TAMANA CHANG

FILED
SEP 1 3 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re:

GRAF, THOMAS JOHN
MCCOY, SHAWN NMN

Debtors,

DAVID CHANG and TAMANA CHANG,

Plaintiffs,

v.

THOMAS JOHN GRAF and SHAWN NMN MCCOY,

Defendants.

Case No.: 8:10-bk-17353-RK

Chapter 7 Proceeding

Adversary Proc. No.:

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**

(Hearing date to be set by summons)

DAVID CHANG and TAMANA CHANG, husband and wife, Plaintiffs herein, allege:

1. This is an adversary proceeding to determine dischargeability of a debt.

2. This adversary proceeding is brought in connection with Defendants' Case No. 8:10-17353-RK under Chapter 7 of Title 11 of the United States Code, now pending in this Court. This Court has jurisdiction over this proceeding under Title 11 of the United States Code, Section 523(c) and Title 28 of the United States Code, Sections 157(b) and 1334. This

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

adversary proceeding is a "core proceeding" as provided in Title 11 of the United States Code, Section 157(b)(2)(I).

3. Defendants are individuals and seek discharge herein under Title 11 of the United States Code, Section 727.

4. Plaintiffs are the owners of a single-family residence located in the City of Irvine, County of Orange, California, commonly known as 35 Boulder View (the "Residence").

5. Plaintiffs purchased the Residence in or about October, 2007 and closed escrow in or about December, 2007. As of the time of the events described herein, Plaintiffs were not yet living in the Residence.

6. In February, 2008, Defendant Thomas Graf was working as a general contractor and construction supervisor in charge of a remodel of the Residence.

7. On or about February 14, 2008, the individuals working under said Defendant's direct supervision so carelessly and negligently performed their work as to rupture a pressurized fire sprinkler pipe, sending water cascading through the Residence. As a result, three levels of the Residence were extensively flooded.

8. Defendant Thomas John Graf thereafter engaged the services of a commercial cleaning company – without notifying Plaintiffs – to perform a superficial cleaning and mop-up of the water that had accumulated on the floors of the Residence. These efforts were wholly ineffective to address the ongoing damage to the Residence due to the presence of substantial quantities of water and moisture within wall and ceiling cavities, and elsewhere within the Residence, all in direct contact with building materials, and which Defendant Thomas John Graf knew was present and causing ongoing damage to the Residence. Defendant Thomas John Graf, and others acting at his direction, undertook further elaborate steps to cover up the visible evidence of the flood, then billed Plaintiffs for portions of this work, either directly or indirectly, as though it were part of the remodel project.

9. Defendant Thomas John Graf thereafter stated to a third party, in reference to the fire sprinkler pipe rupture and flooding of Plaintiffs' home: "They're not going to know."

ADAIR & BUTLER LLP
ATTORNEYS AT LAW
100 Pacifica, Suite 130
Irvine, California 92618
(949) 442-0123 Tel • (949) 442-7610 Fax

10. Plaintiff David Chang spoke with Defendant Thomas John Graf on at least two separate occasions in the two-week period following the flooding of Plaintiffs' home. In one of those conversations, Mr. Chang specifically inquired as to why the water supply to the Residence appeared to have been shut off. Despite knowing the true reason the water had been shut off was because of the fire sprinkler pipe rupture and flooding of Plaintiffs' home, Defendant Thomas John Graf falsely represented to Mr. Chang that the water had been shut off as a routine part of the remodel project.

11. When Defendant Thomas John Graf made the above-described representation to Plaintiffs, he knew it to be false and made the representation with the intention to deceive and defraud Plaintiffs and to induce them to act or refrain from acting in reliance upon the representation.

12. Plaintiffs, at the time the representation was made by Defendant, were ignorant of the falsity of Defendant's representation and believed it to be true. In reliance on the representation, Plaintiffs were induced to and did refrain from further investigating the reason or reasons for the water having been shut off in the Residence. Such reliance on Plaintiffs' part was justifiable, in that, among other things, Defendant Thomas John Graf held himself out to Plaintiffs as a responsible, licensed general contractor.

13. At all relevant times mentioned herein, Defendant Thomas John Graf concealed from Plaintiffs and suppressed the fact that there had been a major flooding incident in their home.

14. Despite the efforts of Defendant Thomas John Graf to conceal the information from them, Plaintiffs nonetheless learned of the fire sprinkler pipe rupture and flooding of their home approximately two weeks later, during a chance encounter with a third party who happened to be present on the day of the incident and witnessed the flooding of Plaintiffs' home. By that time, much of the interior wall and ceiling cavities had become infested with mold and the affected building components and building materials in the home were no longer salvageable, due to extended contact with moisture and/or standing water.

15. The actions of Defendant Thomas John Graf as hereinabove alleged were willful and malicious within the meaning of 11 U.S.C. Section 523(a)(6), in that, among other things, Defendant knew that injury to Plaintiffs and to their property was substantially certain to occur as a result of his conduct, and such actions did, in fact, cause substantial injury to Plaintiffs and their property. Defendant Thomas John Graf's actions were intentional, wrongful, and without just cause or excuse.

16. As a direct and proximate result of Defendant Thomas John Graf's conduct as herein alleged, a substantial portion of the Residence had to be demolished and reconstructed. Plaintiffs further lost the use of their home for approximately four months during the remediation, repair and reconstruction of the Residence. Plaintiffs have further incurred expert investigatory expenses, remediation expenses and repair and reconstruction expenses, all in an amount or amounts according to proof at the time of trial.

17. As a proximate result of Defendant Thomas John Graf's conduct as hereinabove alleged, Plaintiffs have been damaged in an amount according to proof at the time of trial and not less than $350,000.

18. In intentionally suppressing the fact that Plaintiffs' home had been extensively flooded due to the negligence of Defendant Thomas John Graf and the individuals acting under his supervision, Defendant Thomas John Graf acted with malice, oppression and fraud, and with a conscious disregard for Plaintiffs' rights and safety, so as to justify an award of punitive damages.

19. The debt of Defendants to Plaintiffs for the above-described acts is non-dischargeable under Sections 523(a)(6) and 523(a)(2) of Title 11 of the United States Code.

WHEREFORE, Plaintiffs pray:

1. That this Court make a determination that the indebtedness of Defendants to Plaintiffs is nondischargeable;

2. That this Court determine the remaining issues and render a judgment for Plaintiffs for the amount of the debt and for punitive damages;

4

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

3. For interest and costs; and

4. For such other and further relief as to the Court seems proper.

DATED: September 13, 2010

ADAIR & BUTLER LLP

By: _____
Lance A. Adair

Attorneys for Plaintiffs DAVID CHANG and TAMANA CHANG

FORM B104 (08/07)  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>David and Tamana Chang | DEFENDANTS<br>Thomas John Graf, dba Construction Resource Management; Shawn nmn McCoy, aka Shawn Graf |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Adair & Butler LLP<br>100 Pacifica, Suite 130<br>Irvine, CA 92618    (949) 442-0123 | ATTORNEYS (If Known)<br>Ashworth & Ashworth, LLP<br>1301 Dove Street, Suite 900<br>Newport Beach, CA 92660    (949) 752-9401 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for order determining non-dischargeability of debt pursuant to 11 U.S.C. Section 523(a)(6) and (a)(2) and for entry of judgment thereon.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[2] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
[1] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 350,000.00 |

Other Relief Sought
Money judgment.

FORM B104 (08/07), page 2					2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR** <br> Thomas John Graf, dba Construction Resource Management; Shawn nmn McCoy | **BANKRUPTCY CASE NO.** <br> 8:10-bk17353-RK |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** <br> Santa Ana |

| | | **NAME OF JUDGE** <br> Hon. Robert N. Kwan |
|---|---|---|
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| **DATE** <br> 9/13/10 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Lance A. Adair |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.